MARYLAND CASUALTY CO. ET AL. V. BROAN-NUTONE LLC, 09 CV 62 (JBA) –
ELECTRONIC ENDORSEMENT ON DKT. #87

8/23/10 – The issues here have been more than adequately briefed. (See Dkts. ##87-88). The only issue left is the location of the non-destructive testing – whether it should be held at the lab of defendants' expert, Dr. Charles Manning, in Raleigh, NC, as argued by defendants, or in the New York metropolitan area, as argued by plaintiffs. It goes without saying that this discovery motion is one which counsel, acting as mature adults, should have been able to resolve between themselves, without imposing upon the Court.

Defendants are entitled to have their expert, Dr. Manning, perform the non-destructive testing at the specialized lab of his choice, which apparently has more sophisticated equipment than similar labs in New England or in the New York metropolitan area. (Dkt. #87, Brief at 4, 5 & n.1, 7-12, & Exh. F & Subexh. 1). Contrary to plaintiff's arguments (Dkt. #88, at 1-3 & Exhs.), the distance between Connecticut/New York and Raleigh is not so substantial, nor so inconvenient, as to compel Dr. Manning to utilize a laboratory other than his own. See, e.g., Homes v. J.M. Prods., Inc., No. 03-2190(BV), 2005 WL 927172 (W.D. Tenn. Jan. 7, 2005).

Therefore, defendants' Emergency Motion to Compel (Dkt. #87) is **granted** to the extent that the non-destructive testing will take place at Dr. Manning's laboratory in Raleigh, NC, but their request for sanctions is **denied**.

If either counsel believe that a settlement conference before this Magistrate Judge would be productive, he should contact Chambers accordingly.